Kailee KINNEY, Plaintiff—Appellant,

v.

EMMIS OPERATION CO.; et al.,
Defendants—Appellees.

No. 05–35661.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2007.*

Filed Dec. 27, 2007.

Lori Irish Bauman, Nathan Karman,
Ater Wynne, LLP, Portland, OR, for
Plaintiff–Appellant.

Amy Joseph Pedersen, Dennis Westlind,
Stoel Rives, LLP, Portland, OR, for De-
fendants–Appellees.

Rymer, Circuit Judge, filed dissenting
opinion.

Before: PREGERSON, RYMER, and
WARDLAW,** Circuit Judges.

MEMORANDUM ***

Kailee Kinney ("Kinney") appeals the
district court's order granting her former
employer KOIN–TV ("KOIN") and its par-

---

* This panel unanimously finds this case suit-
  able for decision without oral argument. *See*
  Fed. R.App. P. 34(a)(2).

** Judge Wardlaw replaces Judge Leavy who
  requested to be removed from the panel. Ac-

cordingly, the memorandum disposition filed
on July 2, 2007 was withdrawn.

*** This disposition is not appropriate for publi-
  cation and is not precedent except as provid-
  ed by Ninth Circuit Rule 36–3.

ent corporation Emmis Operating Company ("Emmis") (collectively "Defendants") motion for summary judgment on all of her claims. We have jurisdiction under 28 U.S.C. § 1291, and we reverse the district court's decision.

Kinney was diagnosed with lupus in 1988. Beginning in August of 2001, she worked for Defendants for nineteen months, and was promoted from part-time news trainee to an associate producer position. On April 2, 2003, Kinney's supervisor informed her that she was being reassigned from her daytime position to an overnight associate producer position. Kinney stated that she would be unable to accept the position, because her lupus prevented her from working an overnight shift. On April 7, 2003, she gave her supervisor a doctor's letter confirming that she was unable to work overnight due to her lupus. The next day, Kinney was notified that KOIN was eliminating her daytime position, and did not have another position for her.

On November 18, 2003, Kinney brought suit against Defendants in the United States District Court for the District of Oregon. Kinney alleged employment discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and Oregon disability discrimination law. On January 25, 2005, Defendants moved for summary judgement on all claims. On May 17, 2005, the district court issued a formal order and opinion granting Defendants' motion for summary judgment in its entirety. Kinney appeals.

We review a district court's grant of a motion for summary judgment de novo, see Long v. County of Los Angeles, 442 F.3d 1178, 1184–85 (9th Cir.2006), applying the same standard under Federal Rule of Civil Procedure 56(c) as the district court, see Qwest Commc'ns v. Berkeley, 433 F.3d 1253, 1256 (9th Cir.2006). The court views the evidence in the light most favorable to Kinney, the nonmoving party, to determine "whether any genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law." Hutton v. Elf Atochem North America, Inc., 273 F.3d 884, 891 (9th Cir. 2001).

Under the ADA, Defendants cannot terminate a qualified employee because of her disability. See 42 U.S.C. § 12112(a). To show that Kinney was terminated "because of a disability" requires only that the disability be a "motivating factor," and not the sole reason for the termination. Humphrey v. Mem'l Hosp. Ass'n, 239 F.3d 1128, 1139–40 (9th Cir.2001). Kinney "need only offer evidence that gives rise to an inference of unlawful discrimination" to establish a prima facie case of wrongful termination. Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994) (internal quotations omitted). Moreover, the Supreme Court has emphasized that the pleading burden on disabled employees like Kinney "is not onerous," Texas Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and in the Ninth Circuit the degree of proof necessary "is minimal," Chuang v. Univ. of California Davis, Bd. of Trustees, 225 F.3d 1115, 1124 (9th Cir.2000). Kinney may establish a prima facie case of discrimination based solely on the timing of her termination in relation to her employer's discovery of her impairment.[1]

---

1. While the dissent correctly suggests that KOIN did not know of Kinney's lupus until after the April 2 meeting, that fact is beside the point. It does not alter the undisputed fact that Kinney was not fired until after she delivered her doctor's verification that she suffered from lupus, and the disputed facts surrounding what was said at the meeting and whether in fact KOIN had determined to terminate Kinney's position before the meeting.

*See, e.g., Passantino v. Johnson & Johnson Consumer Prod., Inc.,* 212 F.3d 493, 507 (9th Cir.2000) ("[W]e have held that evidence based on timing can be sufficient to let the issue go to the jury, even in the face of alternative reasons proffered by the defendant.").

■ Here, the district court based its decision on its conclusion that a reasonable trier of fact could only conclude that KOIN eliminated Kinney's position *before* it knew of Kinney's impairment, and that Kinney was terminated because she was unable to accept the only available position for which she was eligible. The district court's decision rests on the timing of KOIN's decision to eliminate Kinney's daytime associate producer position. However, the record raises a genuine issue of material fact whether the premise of the district court's decision is correct.

Kinney provided proof of the close temporal proximity between her disclosure that she had lupus and her discharge by alleging that her supervisor did not inform her that her daytime position was being eliminated during their April 2, 2003, meeting, when Kinney disclosed that she had lupus, and that instead she was first informed that the position was being eliminated on April 8, 2003, the day after Kinney provided KOIN with a doctor's note confirming her impairment. *See Passantino,* 212 F.3d at 507. Kinney also offered documentation from Defendants showing that as of April 15, 2003, her daytime position was still included in the 2004 budget—yet another indication that places in dispute the material issue whether the adverse employment decision was made before Kinney told her supervisor that she had lupus. Kinney's testimony and evidence raise issues as to the timing of KOIN's decision sufficient to go to a jury, regardless of any explanations Defendants have offered regarding the sequence of events. *See id.*

■ Kinney also raised a genuine issue of material fact whether she had a physical impairment that substantially limits one or more of her major life activities as required by 42 U.S.C. § 12102(2). Both Kinney and her physician submitted sufficient evidence that her lupus substantially limited the duration of time during which she could walk or stand and her ability to and need for regular sleep. *See Head v. Glacier Northwest, Inc.,* 413 F.3d 1053, 1058 (9th Cir.2005).

Finally, Kinney provided sufficient evidence that she was qualified for the daytime associate producer position that she held without accommodation. Because we conclude that there is a genuine issue of material fact whether Kinney (1) had a disability within the meaning of the ADA; (2) was qualified for the daytime position; and (3) was terminated because of her disability, we reverse the district court's grant of summary judgment and remand for further proceedings. In so holding, we hereby dismiss as moot Appellant's Motion to Order Entry of Judgment and to Dismiss.

**REVERSED and REMANDED.**

RYMER, Circuit Judge, dissenting:

I part company because temporal proximity in this case says nothing about KOIN's motives; if anything, it cuts *against* an inference that KOIN acted on account of Kinney's disclosure that she had lupus.[1] KOIN knew nothing of Kinney's lupus before her supervisor told Kinney on April 2 of KOIN's plans to jockey positions and move Kinney into the slot of associate producer of the morning show. (That position was to open up when its current

---

1. This assumes that Kinney established a prima facie case that she was disabled. The district court held otherwise, but I need not reach this issue.

occupant moved into the position of producer of the morning show, which, in turn, had become vacant when its occupant resigned.) Her old position was never filled and her old duties were in fact split up. KOIN had no obligation to undo its plans, which were for the legitimate, non-discriminatory purpose of saving money. No other substantial evidence raises a triable issue of fact; KOIN's explanation for lack of documentation and failure to reflect the cost savings on financials is uncontroverted. I would, therefore, affirm.